UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4818-20 CARONDELET STREET, LLC | CIVIL ACTION NO.: 2:23-cv-01520 |
| VERSUS | JUDGE: CARL J. BARBIER |
| SCOTTSDALE INSURANCE COMPANY | MAGISTRATE JUDGE: JANIS VAN MEERVELD |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through undersigned counsel, comes Scottsdale Insurance Company ("Scottsdale"), sought to be made a defendant in the above-entitled and numbered cause and for answer to the "Complaint for Declaratory Judgment and Damages" of 4818-20 Carondelet Street, LLC ("Plaintiff"), respectfully avers as follows:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

Except to admit the status of Scottsdale Insurance Company as a foreign insurer incorporated in the state of Ohio with its principal place of business in the state of Arizona, doing business in the State of Louisiana, and capable of being served through the Louisiana Secretary of State, the allegations of Paragraph 2 are denied.

3.

The allegations of Paragraph 3 state a legal conclusion of which an answer is not required of Scottsdale.

4.

It is admitted that this is a Court of proper jurisdiction.

5.

It is admitted that this is a Court of proper jurisdiction. The remainder of the allegations of Paragraph 5 state a legal conclusion to which an answer is not required of Scottsdale.

6.

It is admitted that this is a Court of proper venue. Otherwise, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

It is admitted that this is a Court of proper jurisdiction. Otherwise, the allegations of Paragraph 7 are denied as written.

8.

It is admitted that this is a Court of proper jurisdiction. Otherwise, the allegations of Paragraph 8 are denied as written.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

It is admitted that Scottsdale Insurance Company issued a policy of insurance bearing policy number DFS3921293 with a policy period of July 30, 2021 to July 30, 2022 to 4818-20 Carondelet, LLC. Further, that the policy of insurance referenced is the best evidence of its terms and conditions, exclusions and definitions, and which provisions are

pled herein as if copied *in extenso;* otherwise, the allegations of Paragraph 10 are denied as written.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

It is admitted that a claim was made to Scottsdale and assigned claim number 02054599. Otherwise, the allegations of Paragraph 13 are denied as written.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

It is admitted that Scottsdale assigned Peter Kelly to investigate the claim, and retained Mr. Udall to inspect the property. It is further admitted that Mr. Udall produced an estimate, and payment was issued to Plaintiff in the amount of $40,167.52 on or about November 3, 2021. Otherwise, the remainder of the allegations of Paragraph 16 are denied. Further, any such estimate is the best evidence of its contents.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

Except to admit that Scottsdale received the estimate from Plaintiff, allegations of Paragraph 18 are denied.

19.

Except to admit that the property was reinspected by Ms. Eason on or about March 24, 2022, and that additional payment was issued to Plaintiff in the amount of $23,652.47 on or about May 2, 2022, the allegations of Paragraph 19 are denied as written. Further, any such estimate is the best evidence of its contents.

20.

The allegations of Paragraph 20 are denied as written, or are otherwise denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary. Scottsdale denies that it is in violation of Louisiana law regarding claims handling timeliness.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary, Scottsdale denies that it is in violation of La. R.S. 22:1892.

24.

The allegations of Paragraph 24 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary, Scottsdale denies that it is in violation of La. R.S. 22:1892.

25.

The allegations of Paragraph 25 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary, Scottsdale denies that it is in violation of La. R.S. 22:1973.

26.

The allegations of Paragraph 26 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary, Scottsdale denies that it is in violation of La. R.S. 22:1973

27.

The allegations of Paragraph 27 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary, Scottsdale denies that it has received satisfactory proof of loss.

28.

The allegations of Paragraph 28 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary, Scottsdale denies that it is in violation of La. R.S. 22:1892 and/or La. R.S. 22:1973.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is deemed necessary, Scottsdale denies that it is in violation of La. R.S. 22:1892 and/or 22:1973.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are for lack of sufficient information to justify a belief therein or are otherwise denied as written.

33.

The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

It is admitted that no further payments have been made on Plaintiff's claim. Otherwise, the allegations of Paragraph 36 are denied as written.

37.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein, or are otherwise denied as written.

38.

The allegations of Paragraph 38 are denied.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein, or are otherwise denied as written.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 state a legal conclusion to which an answer is not required of Scottsdale. However, to the extent that an answer is required, Scottsdale denies that is has received satisfactory proof of loss on Plaintiff's claim, and that it is in violation of La. R.S. 22:1892 and/or 22:1973.

43.

The allegations of Paragraph 43 are denied.

44.

Defendant Scottsdale re-avers and realleges all of its defenses and answers as previously pled herein.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 are denied.

48.

Defendant Scottsdale re-avers and realleges all of its defenses and answers as previously pled herein.

49.

The allegations of Paragraph 49 are denied.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

Defendant Scottsdale re-avers and realleges all of its defenses and answers as previously pled herein.

53.

The allegations of Paragraph 53 are denied, all and singular.

54.

Scottsdale also prays for a trial by jury on all issues herein.

55.

Further responding to Plaintiff's Prayer for Relief, Scottsdale denies Plaintiff's claims for damages and other recovery.

**AFFIRMATIVE DEFENSES**

**AND NOW,** in further response to the allegations of the Complaint, Scottsdale asserts the following affirmative defenses:

FIRST DEFENSE

Policy number DFS3921293 issued by Scottsdale to 4818-20 Carondelet, LLC is the best evidence of its contents and is subject to all of its terms, conditions and limitations, all of which are pled herein as if set forth in their entirety. Scottsdale denies any and all liability to Plaintiff under such policy.

SECOND DEFENSE

Scottsdale's liability to the Plaintiff is limited by the Limits of Liability provision set forth in policy number DFS3921293 and any deductibles or retentions must be satisfied by Plaintiff.

THIRD DEFENSE

The Policy is also subject to certain conditions, including certain duties after loss, including protecting the property from further damage, cooperating in the investigation and making the property available for inspection.

## FOURTH DEFENSE

As a Limited Liability Company, Plaintiff cannot establish a valid cause of action for a claim of mental anguish.

## FIFTH DEFENSE

Plaintiff's claims against Scottsdale are barred by the doctrines of waiver, estoppel and/or unclean hands.

## SIXTH DEFENSE

To the extent that Plaintiff alleges damages were caused in whole or in part by the Plaintiff's own acts or omissions, Plaintiff's alleged recovery of said damages from Scottsdale is barred in whole or in part.

## SEVENTH DEFENSE

To the extent that Plaintiff has breached (or does breach) the obligation to cooperate with Scottsdale's investigation, or to the extent Plaintiff has breached (or does breach) any other condition precedent to coverage under policy number DFS3921293, Scottsdale cannot be held liable to Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred by prescription, peremption, laches or are otherwise time-barred.

## NINTH DEFENSE

Plaintiff has failed to mitigate its damages.

## TENTH DEFENSE

Plaintiff has failed to preserve and/or avoid spoliation of evidence.

## ELEVENTH DEFENSE

Scottsdale pleads the affirmative defense that Plaintiff cannot establish arbitrary and capricious conduct on the part of Scottsdale.

## TWELFTH DEFENSE

Scottsdale has not received satisfactory proof of loss, is not arbitrary and capricious and without probable cause in failing to pay any amounts in excess of that which has already been paid and as claimed in the Complaint.

## THIRTEENTH DEFENSE

The investigation by Scottsdale was timely pursued and complete. Scottsdale is not arbitrary and capricious.

## FOURTEENTH DEFENSE

Scottsdale Insurance Company also prays for trial by jury on all issues herein.

**WHEREFORE**, Defendant, Scottsdale Insurance Company, prays that this Answer be deemed good and sufficient and after due proceedings are had, that there be trial by jury on all issues herein, that there be judgment herein in favor of this defendant and against Plaintiff, dismissing Plaintiff's demands, with prejudice and at Plaintiff's cost, and for such other relief as the nature of the case may permit.

[Signature and Certificate of Service on following page]

Respectfully submitted:

s/Mark E. Hanna
MARK E. HANNA (#19336)
KATHRYN L. BRIUGLIO (#40291)
MOULEDOUX, BLAND, LEGRAND &
    BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone   (504) 595-3000
Facsimile:   (504) 522-2121
E-mail:   mhanna@mblb.com
           kbriuglio@mblb.com

*Attorneys for Scottsdale Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/Mark E. Hanna